RANDY S. GROSSMAN
United States Attorney
KATHERINE L. PARKER, SBN 222629
Chief, Civil Division
SAMUEL W. BETTWY, SBN 94918
STEPHANIE A. SOTOMAYOR, Illinois SBN 6325877
Assistant U. S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-7634/7125/9590 / 7751 (fax)

Attorneys for Defendant
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.M., a minor child; O.A.M., a minor child; and THELMA MEDINA NAVARRO, their mother,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 22-cv-380 GPC DEB<br><br>TIME: 1:30 p.m.<br>DATE: July 22, 2022<br>CTRM: 2D (Schwartz)<br><br>Hon. Gonzalo P. Curiel |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS**

**FOR LACK OF SUBJECT MATTER JURISDICTION**

(Fed. R. Civ. P. 12(b)(1))

Plaintiffs do not dispute that CBP officers followed the mandates of 8 U.S.C. § 1232 and that they exercised investigative discretion to screen whether J.A.M. (as Melany) was a victim of human trafficking, to coordinate with the Mexican consulate for her safe return to Mexico, and to complete their task within the 48-hour limitation.

Plaintiffs have also failed to controvert the United States' evidence of what happened during primary and secondary inspection, which completely undermines their allegations that J.A.M. and O.A.M. were coerced to make false confessions after "several hours of interrogation, intimidation, and threats." [Complaint, paras. 25-32, 54.]. The United States has presented ample evidence that, "*within twenty minutes* of their application for admission to the United States, J.A.M. and O.A.M. separately told CBP Officer Willmy Lara in the secondary inspection office that J.A.M. was really a noncitizen named Melany Medina Tapia who was born in Tijuana, Mexico" and that, "the following morning, J.A.M. (as Melany) continued to tell Mexican consular officers that she was born in Tijuana." [ECF No. 4 at 1:20-25.] In response, Plaintiffs have not presented any specific allegations or evidence to refute the United States' evidence.

Plaintiffs continue not to allege any coercion by Officer Lara during secondary inspection;[1] they do not deny that both J.A.M. and O.A.M. separately told Officer Lara that J.A.M. was an imposter; they do not dispute that it is implausible that Officer Lara could have done anything in the span of twenty minutes to elicit false confessions in the secondary inspection office or that he would have a reason to try; they do not deny that J.A.M. told Mexican consular officers that she was born in Mexico; and they do not dispute that it is implausible that J.A.M. was afraid to tell Mexican consular officers anything but the truth. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

---

[1] In its motion, the United States repeatedly asserted its understanding that Plaintiffs are alleging that J.A.M. and O.A.M. were coerced in the AEU [*see* ECF No. 4 at 6:17, 6:25, 7:5-6, 18:15-18], and Plaintiffs have not disabused the United States or this Court of that understanding.

A Rule 12(b)(1) jurisdictional attack may be facial or factual. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, *the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.*" *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (emphasis added), *quoted in Bedgood v. Mabus*, No. 15cv454 WQH, 2015 WL 3647933, at *2 (S.D. Cal. June 8, 2015). "In such cases, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

Here, Plaintiffs have failed to furnish evidence to meet their burden of establishing subject matter jurisdiction. Plaintiffs' counsel stated in the parties' joint motion to extend time to respond to the United States' motion the "need for additional travel to Mexico to obtain affidavits in support of Plaintiffs' opposition to Defendant's pre-discovery motion for summary judgment." [ECF No. 8 at 1:25-28.] He stated he had travelled to Mexico once already and needed additional time to return to Mexico "for necessary follow-up investigation and preparation of affidavits necessary to respond to the motion for summary judgment." [*Id.* at 2:10-12.]

No such affidavits accompany Plaintiffs' response, and Plaintiffs provide no evidence or even allegations to contradict the United States' evidence. The only exhibit attached to Plaintiffs' Response brief is video footage of what appears to be an interview from a Telemundo News broadcast, entirely in Spanish. *See* L.R. 5.1 ("Each document filed, including exhibits where practicable, must be in English. . ."). Plaintiffs' pleadings provide no context or explanation of how the video applies to the issues at bar, it does not appear that the subjects in the interview are speaking under oath, and their statements do not appear to address the evidence presented by the United States. The failure to submit affidavits from J.A.M. and O.A.R., especially after obtaining an extension of time to do so, is telling.

The United States submitted a statement of undisputed facts [ECF No. 4-4] with its now-withdrawn, alternative motion for summary judgment, but it remains illustrative for its factual attack on subject matter jurisdiction, particularly the following crucial assertions, which are supported by evidence:

> **10.** Both J.A.M. and O.A.M. independently stated to CBP Officer Lara that J.A.M. was a native and citizen of Mexico named Melany. [Ex. 5; Lara Declaration, para. 4.]
>
> **17.** At about 9:30 a.m., two Mexican consular officers interviewed J.A.M. in private, and she stated that she was a native and citizen of Mexico. [Ex. 20.]

ECF No. 4-4 at 3, 4.

Instead of specifically addressing the United States' crucial evidence, Plaintiffs repeat their unfounded, generalized allegations that CBP Officers coerced false confessions, and they ask this Court to defer ruling so they may embark on a fishing expedition. Plaintiffs state that they need to take the deposition testimony of "each CBP employee who participated in the questioning of O.A.M. or J.A.M. on March 18-19, 2019 at the SYPOE, and the corresponding audio and video recordings of O.A.M. and J.A.M. at the SYPOE." [ECF No. 10-1 at 8.] No such recordings exist,[2] but more importantly, Plaintiffs do not allege any coercion by Officer Lara, the first person who interviewed them, and they do not dispute that J.A.M. and O.A.M. told him that J.A.M. was an imposter. The depositions of other CBP officers are therefore unnecessary. Allegations of coerced false confessions in the AEU are wholly implausible and illogical if J.A.M. and O.A.M. had already admitted to Officer Lara, without any coercion, that J.A.M. was an imposter.

---

[2] The undersigned, through agency counsel, have conducted a thorough search, including a site visit, for recordings and have specifically asked for any "transcripts" that exist. Plaintiffs state that "transcripts and recordings of the interrogations likely exist" [ECF No. 12 at 13:22], but the undersigned informed Plaintiffs' counsel that none exists. Interviews in secondary inspection are not recorded, and although interviews of J.A.M. and O.A.M. in the AEU were likely recorded, none was preserved, and there never were any transcripts of such recordings.

The only three officers in the secondary inspection area were Officers Kim, Vincent, and Lara, and Plaintiffs have not disputed Officer Lara's declaration or Officer Vincent's report about what happened during secondary inspection. Instead of affidavits, Plaintiffs offer speculation and conjecture. They do not dispute Officer Lara's sworn statement that he "interviewed both of the individually in the Spanish language for ten to fifteen minutes each." [ECF No. 4-2, para. 4.] Instead, they speculate that Officer Vincent's descriptor "lengthy" might mean something more than twenty to thirty minutes. [ECF No. 12 at 11:18-27.] J.A.M. and O.A.M. are in the best position to controvert the United States' evidence of what happened during secondary inspection, and they have remained silent.

Plaintiffs contend that "the merits of the constitutional claims [are] intertwined with the jurisdiction challenge" [ECF No. 12 at 13:17-18], but again, they do not allege any constitutional violations during secondary inspection. [ECF No. 1, paras. 58-72.] In their Complaint, Plaintiffs repeatedly refer to CBP Officers 1, 2 and 3 as the perpetrators of constitutional violations, but they never associate any of the officers with actions during primary or secondary inspection. [ECF No. 1, para. 17 ("When it was O.A.M.'s and J.A.M.'s turn to approach the counter, they each presented their U.S. Passport Cards to the CBP primary inspector and were questioned and pulled aside to secondary inspection. During the secondary inspection, at first they were questioned together, then they were separated and individually questioned. Both children were taken into custody at approximately 7:40 a.m.").]

The discretionary function exception of the FTCA therefore bars Plaintiffs' FCTA claims, and this case should be dismissed under Fed. R. Civ. P. 12(b)(1). They do not dispute that CBP officers followed the mandates of 8 U.S.C. § 1232 or that they exercised investigative discretion. Plaintiffs continue to allege only that CBP Officers in the AEU coerced false confessions; they have failed to controvert the United States' evidence that J.A.M. and O.A.M. had already stated to Officer Lara during secondary inspection that J.A.M. was an imposter.

///

DATED: June 27, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

KATHERINE L. PARKER
Chief, Civil Division

s/ *Samuel W. Bettwy*

SAMUEL W. BETTWY
Assistant U.S. Attorney

s/ *Stephanie A. Sotomayor*

STEPHANIE A. SOTOMAYOR
Assistant U.S. Attorney

Attorneys for Defendant
United States of America