Joseph M. McMullen, Esq. (SBN 246757)
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, California 92101
Telephone: (619) 501-2000
Facsimile: (619) 615-2264
E-Mail: joe@jmm-legal.com

Attorney for Plaintiffs J.AM., O.A.M.,
and Thelma Medina Navarro

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.M., a minor child; O.A.M., a minor child; and THELMA MEDINA NAVARRO, their mother<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 22-CV-0380-GPC-BGS<br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RESPONSIVE DOCUMENTS TO PLAINTIFFS' REQUESTS FOR PRODUCTION NO. 26 AND 27**<br><br>**[ECF No. 31]** |

Plaintiffs move to compel production of documents responsive to Requests for Production (RFPs) 26 and 27. In particular, Plaintiffs seek illustrations, diagrams, and still images from video footage of the interview room and cells at the SYPOE's Admissibility Enforcement Unit (AEU) where Plaintiffs were questioned and held. Defendant asserts that to the extent responsive documents exist they are exempt from disclosure under the law enforcement privilege. Plaintiff's three-page statement in support of the motion to compel follows:

**1. The Lawsuit.**   The crux of this FTCA case is whether two U.S. Citizen children (Plaintiffs) with valid U.S. Passport cards were wrongfully detained based on coerced false confessions, or, "that CBP officers were justified in detaining and questioning J.A.M. and O.A.M. for an extended period of time because from the outset and throughout the process J.A.M. and O.A.M. claimed that J.A.M. was a noncitizen imposter."   Order Denying Motion to Dismiss, ECF No. 16 at 10.   The lawsuit seeks emotional distress damages caused by the interrogation and prolonged detention.

Plaintiffs' detention began in the morning at the SYPOE's PedWest facility.  By the afternoon, the children were at the AEU, in the basement of the SYPOE main building. There, the children were questioned in Cells 33 and 34 and in one of the AEU's private interview rooms ("Interview 01"). After, O.A.M. was held in Cell 21 for around 5 hours until his release, and J.A.M. was held in Cell 26 for around 22.5 hours until her release.

**2.  RFPs 26 and 27**.  In November, Plaintiffs sought the following:  "Any photograph (including electronic image files), blueprint, map, diagram, drawing, rendering, or other Document visually depicting the layout of each location [where Plaintiffs were located during the Incident], as the location existed in March 2019."  RFPs 26 and 27, attached as Exhibit A.  In a separate interrogatory response, Defendant indicated that during the incident Plaintiffs were located at "Admissibility Enforcement Unit Intake (Cell 33 [and 34]), Interview 01, Cell 21 [and 26], located at basement level."  Def. Responses to ROGs 9 and 10, attached as Exhibit B.

**3. Privilege Log and Declaration of CBP DFO De La O**.  Defendant's response to RFPs 26 and 27 included a privilege log identifying "Illustrations and/or diagrams containing descriptions of the floor plans in various areas in the San Ysidro Port of Entry" withheld as "[p]rivileged official information/law enforcement information."  Privilege Log, attached hereto as Exhibit C.  Also produced was a declaration further identifying the withheld illustrations/diagrams as "INNH0 – Inbound HH Floor 00.pdf (USA-295), MB0 – Main Bldg Floor 00 (AEU).pdf (USA-296-297), and WP – Ped West (Inside).pdf (USA-298)."  De La O Declaration at pgs.2-3 ¶ 4, attached as Exhibit D.

**4. Meet and Confer Efforts.** The parties have met, conferred and narrowed the pending issues several times over the course of the last three months with the assistance and guidance of the Court. Most recently, on March 23, 2023, Defendant produced six still images pulled from recent video footage of the areas where Plaintiffs were interviewed at PedWest Secondary Inspection, and the parties resolved all discovery issues related to the PedWest facility.

The remaining discovery dispute is whether Defendant is entitled to withhold the two pages of AEU illustrations/diagrams referenced in Defendant's privilege log ("MB0 – Main Bldg Floor 00 (AEU).pdf" (USA-296-297)) and still images of the areas of the AEU where the Plaintiffs were questioned and held.

**5. Declaration of CBP DFO Aki.** The Aki Declaration (1) states no responsive photographs currently exist; and (2) asserts the law enforcement privilege over photographs of the AEU because they "could be used by hostile actors to take this information to exploit perceived vulnerabilities and limitations and seek avenues to circumvent or minimize the efficacy of security at the AEU and at the POE generally." Aki Declaration at p.2 ¶ 5, attached as Exhibit E.

**6. Law Enforcement Privilege Should Not Prevent Disclosure.** With respect to the non-existence of responsive photographs, the Aki Declaration overlooks that as of February 2018, the AEU had 45 cameras in operation as part of a "24/7" surveillance system, which record video data (i.e., motion picture data) that remains accessible for days or weeks, or permanently if archived. *See Al Otro Lado, Inc. v. Nielsen*, Case No. 3:17-cv-02366-BAS-KSC, Doc. No. 148, I.B., fn.15 (S.D. Cal. Sept. 17, 2018) (describing AEU components of SYPOE surveillance system), excerpts attached as Appendix A.

Both declarations also neglect to mention that CBP has not maintained the AEU's confidentiality in a manner consistent with its hyperbolic claims about the need for secrecy. For example, CBP DFO Aki allowed journalists a tour of the SYPOE's AEU as recently as June 2019, and although they were not allowed to take photos of the AEU, the journalists were allowed to "descend a stairway and enter an area called the Admissibility

Enforcement Unit" and report on what it looks like "inside holding cells, much like a jail, [where migrants] sit on metal benches or use a toilet behind a waist-high divider."  KQED San Francisco, June 10, 2019, available at https://www.kqed.org/news/11752787/seeking-asylum-at-the-california-border-in-the-basement-cells-at-san-ysidro-port-of-entry (journalist describing tour of AEU and how "after the tour, I talked to Port Director Sidney Aki."), transcript attached as Exhibit F.  Accordingly, the declaration is deficient insofar as it fails to establish that CBP has in fact maintained the confidentiality of the layout of the AEU.  *See Hampton v. City of San Diego*, 147 F.R.D. 227, 230-231 (S.D. Cal. 1993) ("The affidavit or declaration offered to support the assertion of [law enforcement enforcement] privilege… must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality.").

Finally, the declarations fail to describe how disclosure pursuant to the parties' carefully crafted protective order (Doc. 23) would create a substantial risk of harm to significant governmental interests.  *See Quintero Perez v. United States*, Case No. 13cv1417-WQH-BGS, at *3 (Jan. 29, 2016) (citing *Hampton*, 147 F.R.D. at 230-31).  The declarations do not assert that Plaintiffs or counsel acted in bad faith as to the handling of any documents in this or any other case, nor do they provide any basis for concluding that Plaintiffs or counsel will act in bad faith in the future.

Defendant has failed to meet its burden of making a threshold showing that disclosure pursuant to a protective order of AEU images, illustrations, and/or diagrams would result in specific harm to important interests.  Even if such a threshold showing is made, Plaintiffs' interest in presenting the finder-of-fact with evidence of the appearance of the specific cells and interview room in which the Minor Plaintiffs were questioned and held outweighs Defendant's interest in preventing a theoretical breach of Plaintiffs' and counsel's confidentiality obligations under the parties' carefully crafted protective order.

**7. Conclusion.**  Plaintiffs request the Court grant their motion to compel production of the AEU illustrations/diagrams referenced in Defendant's privilege log and AEU still images (even if they must be extracted from video footage) responsive to RFPs 26 and 27.

Respectfully submitted,

Dated:  March 29, 2023

*/s/ Joseph M. McMullen*
Joseph M. McMullen
Attorney for Plaintiffs