UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.M, a minor child, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-380-GPC-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**<br><br>[ECF 32] |

　　　　Plaintiffs have filed a Motion to Compel Production of Responsive Documents to Plaintiffs' Requests for Production Nos. 26 and 27. (ECF 32.) Plaintiffs seek production of the illustrations/diagrams of the Admissibility Enforcement Unit ("AEU") referenced in Defendant's privilege log and still images responsive to RFPs 26 and 27—the cells and interview room where the minor Plaintiffs were questioned and held. (*Id.*) Defendant has filed an Opposition arguing the information Plaintiffs seek is irrelevant, disproportionate, and should be withheld based on the law enforcement privilege. (ECF 33.[1]) For the reasons set forth below, the Court **GRANTS** the Motion to Compel.

---

[1] The Court notes that when raising this dispute, the parties indicated this issue could be briefed in three pages each, including addressing a related issue the Court has already ruled on—whether still images from a video would fit within the scope of RFPs 26 and

## I. BACKGROUND[2]

The Complaint alleges that the two minor Plaintiffs—O.A.M., 14 years old, and J.A.M., 9 years old—were attempting to enter the United States between approximately 7:00 and 7:40 a.m. on March 18, 2019. (Compl. ¶¶ 6-7, 14-16.) They presented their U.S. Passport Cards to the primary inspector and were pulled aside to secondary inspection. (Compl. ¶ 17.) They were initially questioned together, but then separated. (*Id.*) They were taken into custody at approximately 7:40 a.m. (*Id.*) The Complaint alleges 14-year-old O.A.M. was held for 12 hours and 9-year-old J.A.M. was held for 33 hours in various detention areas. (Compl. ¶¶ 25-27.)

Defendant's responses to Interrogatories Nos. 9 and 10 identify the locations where O.A.M and J.A.M. were held. (ECF 32-2.) As to J.A.M., Defendant's response to Interrogatory No. 9 identifies, along with other locations, the "Admissibility Enforcement Unit Intake (Cell 34), Interview 01, Cell 26, located at basement level." (ECF 32-2 at 3.[3]) As to O.A.M, Defendant's response to Interrogatory No. 10 identifies, along with other locations, the "Admissibility Enforcement Unit Intake (Cell 33), Interview 01, Cell 21, located at basement level." (ECF 32-2 at 4.)

Plaintiffs' Complaint seeks damages for emotional distress. (Compl. ¶ 37.) The Complaint asserts that O.A.M and J.A.M. suffered and continue "to suffer psychological trauma, insomnia, paranoia, debilitating anxiety, and severe emotional distress as a direct

---

27. (ECF 30 (call to raise dispute); ECF 31 (Order on related dispute).) The Court found that still images from a video would fall within Plaintiff's requests for "any photograph (including electronic image files), . . . of each location . . . as the location existed in March 2019." (RFPs 26 and 27.)

[2] The Court only briefly summarizes the allegations of the Complaint that are most relevant to this Motion. This is a not a full summary of the allegations set out in the Complaint. (ECF 1.)

[3] The Court cites the CM/ECF electronic pagination except for cites to the Complaint or as otherwise indicated.

and proximate result of the aforesaid acts, omissions, and decisions" of the Customs and Border Protection ("CBP") officers. (*Id.*)

## II. DISCUSSION

Plaintiffs seek production of "the two pages of AEU illustrations/diagrams referenced in Defendant's privilege log … and still images of the areas of the AEU where the Plaintiffs were questioned and held." (ECF 32 at 3.) In seeking this discovery, Plaintiffs note that they seek emotional distress damages caused by the interrogation and prolonged detention of the minor Plaintiffs, and that the minor Plaintiffs were held in these cells for 5 and 22 hours.  (ECF 32 at 2, 4 (emphasizing Plaintiffs' interest in presenting the finder-of-fact with evidence of the appearance of specific cells and the interview room).) Plaintiffs also argue Defendant has not explained how disclosure of this discovery under the existing protective order would create a substantial risk of harm to Defendant's interests. (ECF 32 at 4.)

As detailed more below as to each issue, Defendant argues any layouts of the various areas of the AEU or images from security cameras are irrelevant, disproportional, and privileged. (ECF 33 at 2.)

### A.    Relevancy and Proportionality

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in determining what is relevant. *Facedouble, Inc. v. Face.com*, No. 12cv1584 DMS (MDD), 2014 WL 585868, at *1 (S.D. Cal. Feb. 13, 2014). Following the 2015 Amendments to Rule 26, it is clear "[r]elevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case." *In re Bard IVC Filters Prods. Liability Litig.*, 317 F.R.D. 562, 564 (D.

Ariz. 2016). Limits on discovery may be issued where the "burden or expense outweighs the likely benefits." *Facedouble, Inc.*, 2014 WL 585868, at *1 (citing Fed. R. Civ. P. 26(b)).

Defendant seems to argue that this discovery is not relevant or proportional because it does not relate to whether the minor Plaintiffs were detained based on their own false confessions. (ECF 33 at 1.) Defendant asserts the images and layouts of the AEU are irrelevant because they do not relate to O.A.M. telling officers that J.A.M. was an imposter. (ECF 33 at 3 ("Plaintiffs' complaint contains no allegations that the layout of the AEU contributed to their decisions to state that J.A.M. was an imposter …").) It appears that Defendant is arguing that this testimony by O.A.M contradicts Plaintiffs' claims of coercion and because the AEU layout is not relevant to these statements by O.A.M. then the layout of the AEU and images of it are irrelevant. (ECF 33 at 3.) As to proportionality, Defendant asserts any possible relevancy is outweighed by Defendant's national security interests.

The Court is not persuaded that the scope of relevant discovery is as limited as Defendant asserts. Defendant's discovery responses indicate the minor Plaintiffs were held in particular areas of the AEU, *i.e.* certain cells and an interview room. Plaintiffs claim that the minor Plaintiffs were held in the AEU for a lengthy period of time and that they have suffered emotional distress damages as a result of this. What the areas they were held in looked like is relevant to Plaintiffs' claim that they suffered emotional distress from being held in these spaces for 22 and 5 hours respectively. The layouts may also have some relevance given they might provide indicators about the overall environment the minors were held in.

O.A.M.s testimony does not negate this relevancy. That the minor Plaintiffs' statements to officers might have impacted the length of time they were held, an issue the Court need not reach, does not negate the relevancy of the environment to the minor Plaintiff's emotional distress damages. The images, and to a lesser extent, the layouts are relevant.

1    The Court also finds the discovery is proportional to the needs of the case given
2 there is a protective order in place. (ECF 23.) Defendant does not explicitly address
3 proportionality, but does assert a security interest in the discovery that Defendant claims
4 outweighs any relevance. (ECF 33 at 3.) As discussed further below, the Court recognizes
5 that Defendant has security interests in the layout and images of this location. However,
6 taking into account the protective order already in place to protect those interests, the
7 importance of the discovery for emotional distress damages, and the absence of any other
8 way to obtain the layout and images of the locations the minor Plaintiffs were held in, the
9 discovery is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1)
10 (Proportionality "consider[s] the importance of the issues at stake in the action, the
11 amount in controversy, the parties' relative access to relevant information, the parties'
12 resources, the importance of the discovery in resolving the issues, and whether the burden
13 or expense of the proposed discovery outweighs its likely benefit.").

14   **B.   Law Enforcement Privilege**

Defendant cites numerous district court cases and one court of appeals case that have recognized a law enforcement techniques privilege or law enforcement privilege. (ECF 33 at 3-4.) Plaintiff does not dispute that courts have recognized this privilege, but instead argues that Defendant has not maintained the confidentiality of this area consistent with its claims about the need for secrecy, and that Defendant does not address why the existing protective order is insufficient to protect these interests.

"The purpose of [the law enforcement privilege] is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation." *In*

*re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2nd Cir. 1988) (citations omitted).[4]

In *Commonwealth of Puerto Rico v. United States*, in first recognizing a law enforcement techniques privilege, the court "emphasize[d] that this qualified privilege is subject to balancing the federal government's interest in preserving the confidentiality of sensitive law enforcement techniques against the requesting party's interest in disclosure." 490 F.3d 50, 64 (1st Cir. 2007); *see also Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) ("In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege.") However, before the Court "engage[s] in this balancing of interests, the party asserting the privilege … must properly invoke the privilege by making a 'substantial threshold showing'" by submission of a declaration. *Soto*, 162 F.R.D. 613; *see also Myles v. Cnty. of San Diego*, Case No. 15cv1985-BEN-BLM, 2016 WL 2343914, at *5 (S.D. Cal. May 4, 2016).

> Specifically, the affidavit must include: '(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

---

[4] "Though several other circuits have adopted such a privilege … the U.S. Supreme Court and the Ninth Circuit have yet to recognize or reject a 'law enforcement privilege.'" *Shah v. Dep't of Justice*, 714 Fed. Appx 657, 658 n.1 (9th Cir. October 25, 2017) (collecting cases).

*Myles*, 2016 WL 2343914, at *4 (quoting *Soto*, 162 F.R.D. at 613 and *Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

### 1. Threshold Showing

The first and fourth items are at issue here. Plaintiff argues Defendant has not maintained the confidentiality of the layout of the AEU because a tour of the area has been permitted. Plaintiff only raises this issue as to the layout, acknowledging that photographs were not permitted on the tour cited. The Court is not persuaded that allowing a single tour of an area without permitting photographs demonstrates a failure to maintain the confidentiality of the layout of the AEU. There is a difference between a written layout or blueprint detailing each area in the AEU and the memory of someone walking through that is not permitted to photograph the area.

The declaration explains that the layout documents "outlin[e] locations of cells, access and egress points, … as well as the capabilities and locations of the video surveillance camera recording system at the San Ysidro POE." (Decl. of Sidney Aki ("Aki Decl.") [ECF 33-2] ¶ 9.) As to the still images from video recordings, the declaration states the images would "expose the layout of these sensitive areas, … where other cameras are located, … what the surveillance cameras located within the AEU can and cannot capture, … and vulnerabilities in the security system" that could be used by hostile actors to "circumvent or minimize the efficacy of security at the AEU and at the POE generally." (*Id.* ¶¶ 10-12.) However, the declaration only addresses the protective order in one statement. It summarily indicates that "disclosing information related to our surveillance system, even subject to a protective order, would create an unnecessary risk for the officers and to our mission." (Aki Decl. ¶ 13.)

The Court finds the fourth requirement is met as to the layout documents, but not as to the still photographs of specific areas within the AEU. Read collectively, the declaration indicates the layout documents show the locations of the video surveillance cameras at the POE, presumably by identifying where cameras are located on the layout, although that is not entirely clear, along with access and egress points. Combined with

the declaration's assertion that a protective order is not sufficient to address the risk associated with disclosing information related to the surveillance system, although lacking in details, the declaration is sufficient as to the layout documents.

However, this requirement is not met as to still images of the individual locations where the minor Plaintiffs were held. Defendant does not explain how an individual image of a location creates a substantial risk of harm when it is only disclosed under the parties' protective order. The Court recognizes that there could be some risk in public disclosure of the images, but there is no reason to suspect that Plaintiffs' counsel will violate his obligations under the protective order and the declaration provides no reasoning or explanation why it does not provide sufficient protection.

### 2. Balancing

Because the Court finds Defendant has made the threshold showing as to the layout documents, "the Court must 'weigh the government's interest's in ensuring the secrecy of the documents against the need of the adverse party to obtain discovery." *Al Otro Lado, Inc. v. Wolf*, Case No. 17-cv-2366-BAS-KSC, 2020 WL 3487823, at *2 (S.D. Cal. June 26, 2020) (quoting *Chinn v. Blankenship*, Case No. 09-5119 RJB, 2010 WL 11591399, at *6 (W.D. Wash. Feb. 26, 2010)). There are many factors the Court may consider in determining on a case-by-case basis whether Defendant's interest outweighs Plaintiffs'.[5]

---

[5] Courts may consider these non-exhaustive factors in balancing the parties' competing interests:
(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have

8

22-cv-380-GPC-BGS

However, "the focus of the inquiry ultimately is 'the extent to which the defendant's interest in confidentiality outweighs the plaintiff's interest in the information." *Id.* at *3 (quoting *Del Socorro Quintero Perez v. United States*, Case No. 13cv1417-WQH-BGS, 2016 WL 362508, at *3 (S.D. Cal. Jan. 29, 2016)). Given the parties do not specifically address these factors and many do not apply in this case, the Court focuses on balancing Plaintiffs' need for the layout documents against Defendant's interest in maintaining their confidentiality.

As discussed above, the Court is persuaded that disclosing the POE's video surveillance system with identification of camera locations on layouts along with points in **ingress** and egress, poses a security risk to Defendant. *See also Jones v. Hernandez*, Case No. 16-cv-1986-W-WVG, 2018 WL 539082, at *4 n.5 (S.D. Cal. Jan. 23, 2018) (Finding the "the government ha[d] a heightened interest in protecting the operational capabilities and vulnerabilities of the RVSS system" when "Plaintiff ha[d] provided little to counterbalance the government's heightened interest."). Additionally, as discussed above, while the layouts have some relevance, they are less relevant than the still images of the locations where the minor Plaintiffs were held. The Court also finds the Plaintiffs' interest in the layouts is lessened because they will have the still images. The still images should provide Plaintiffs sufficient information about the areas where the minor Plaintiffs were held. Plaintiff has not explained what the layouts would add, and the Court is not persuaded that any additional information garnered from the layouts is sufficient to

---

arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Id.* at 3-4 (quoting *Wagafe v. Trump*, 334 F.R.D. 619, 623-24 (W.D. Wash. 2020).

outweigh Defendant's interest in maintaining the confidentiality of the video surveillance system and the other information provided in the layouts.

## III.   CONCLUSION

Plaintiffs' Motion to Compel is **DENIED** as to the layout documents and **GRANTED** as to the still images of the locations where the minor Plaintiffs were held.

**IT IS SO ORDERED.**

Dated:  April 28, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge