UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.M., a minor child; O.A.M., a minor child; and THELMA MEDINA NAVARRO, their mother,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 3:22-CV-00380-GPC-BGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO RE-TAX COSTS**<br><br>**[ECF No. 71]** |

Before the Court is Plaintiffs' Motion to Re-Tax Costs. ECF No. 71. A briefing schedule was set by the Court, ECF No. 72, but the United States did not oppose, and Plaintiffs did not file a reply. For the reasons below, the Court GRANTS Plaintiffs' Motion to Re-tax Costs.

**FACTUAL BACKGROUND**

On March 21, 2022, Plaintiffs filed a complaint against the United States for damages arising from the U.S. Customs & Border Protection ("CBP") detention of the Children-Plaintiffs. ECF 1. Plaintiffs brought claims under the Federal Torts Claims Act ("FTCA"), the Bane Act, and the U.S. Constitution. *Id.* On May 24, 2024, the United

1

States moved to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 4.  On July 21, 2022, the Court denied the motion to dismiss, and the case proceeded to discovery.  ECF No. 16.

At the time of trial, the only remaining counts were the FTCA claims for false imprisonment, intentional infliction of emotional distress, and negligence.  ECF No. 65 at 2.  A bench trial was held from March 19, 2024 to March 22, 2024.  *Id.*  On June 21, 2024, the Court issued its findings of fact and conclusions of law and held that the United States was liable on the remaining counts.  ECF No. 65.  On the same day, the Court entered judgment in favor of Plaintiffs.  ECF No. 66.

On July 9, 2024, Plaintiffs submitted a bill of costs requesting $24,748.87 total: $21,526.87 in transcripts costs, $2,820.00 in interpreters costs, and $402.00 in court fees.  ECF No. 67.  Before the July 5, 2024 deadline to submit Plaintiffs' bill of costs, Plaintiffs' sole counsel was abroad on a pre-planned trip and, during that trip, a member of his immediate family unexpectedly passed away.  ECF No. 71 at 2.  The deadline to submit the bill of costs passed while Plaintiffs' counsel was in Oregon dealing with the loss of his family member.  *Id.*[1]  Plaintiffs' counsel was still in Oregon when he filed the bill of costs four days after the deadline.  *Id.*  Because the bill of costs was filed more than 14 days after entry of judgment, *see* L.R. 54.1(a), the Clerk of the Court denied it in its entirety, ECF No. 70.

On July 30, 2024, Plaintiffs timely moved to re-tax costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1.h.  ECF No. 71.   Plaintiffs argue that, because their counsel's untimeliness was caused by "excusable neglect," the Court should

---

[1] Plaintiffs' counsel also raised this issue in a Declaration supporting the bill of costs. *See* ECF No. 67-1.

2

extend their time for filing the bill of costs pursuant to Federal Rule of Civil Procedure 6(b)(2).  For the reasons below, the Court GRANTS Plaintiffs' Motion to Re-tax Costs.

## DISCUSSION

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend the time for a "motion made after the time has expired if the party failed to act because of excusable neglect." *See Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1292 (N.D. Cal. 2014) (stating that, because "the timeliness requirements of Rule 54(d) are not jurisdictional," a court has discretion to consider untimely motions for costs) (internal quotation marks and citations omitted).  Courts consider four factors to determine whether there is excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

***Danger of Prejudice to Defendant***.  Allowing Plaintiffs' late filing will not prejudice the United States.  There are no other pending matters in this litigation that are affected by the delay.  While there was a pending appeal, it has now been dismissed.[2]  ECF No. 77.  And a four-day delay in filing the bill of costs is not otherwise negatively impacting the United States.  In fact, the United States failed to oppose the Motion to Re-tax.  If the United States felt that it was prejudiced by the delay, it could have taken the

---

[2] The delay would not have impacted the appeal regardless.  If a cost award was issued while the appeal was pending, the United States could have contested it in its appeal.  *See Draper v. Rosario*, 836 F.3d 1072, 1086 (9th Cir. 2016) ("an order fixing costs in the district court, while an appeal was pending, should be considered an inseparable part of the pending appeal") (internal citation omitted).

opportunity to convey the prejudicial effects to the Court.[3]  Accordingly, there is no danger of prejudice to the United States, and this factor weighs in favor of Plaintiffs.

**_Length of Delay._**  Plaintiffs filed their bill of costs on July 9, 2024—just four days (and two business days) after the deadline.  Such a delay has not—and is unlikely to—impact the proceedings at all.  This is especially true considering the case's current procedural stance.  The appeal to the Ninth Circuit has now been dismissed, ECF No. 77, and there are no other pending matters in the litigation.  This factor thus weighs in favor of Plaintiffs.

**_Reason for the Delay._**  The Court finds that Plaintiffs' counsel has a good reason for the inadvertent delay.  Before the July 5, 2024 deadline to submit Plaintiffs' bill of costs, Plaintiffs' sole counsel was abroad on a pre-planned trip.  ECF No. 71 at 2.  During that trip, a member of his immediate family unexpectedly passed away, and counsel quickly traveled to Oregon to be with his family after the unexpected loss.  _Id._  The deadline to submit the bill of costs passed while Plaintiffs' counsel was still in Oregon dealing with the loss of his family member.  _Id._[4]  In fact, Plaintiffs' counsel was still in Oregon when he filed the bill of costs four days after the deadline.  _Id._  The sudden death of a family member, and the travel and hardships that accompany such a tragedy, are good reasons for a slight delay in meeting a filing deadline.  _See Tall Hickory Mktg., LLC v. Infoquick, Inc._, 2013 WL 12202997, at *2 (C.D. Cal. Mar. 11, 2013) (finding good reason for delay where counsel's father passed away and counsel had to travel across the county to care for his family); _Halvonik v. Doll_, 263 F.R.D. 13, 16-17 (D.D.C. 2009)

---

[3] Further, Local Rule 7.1(f)(3)(c) indicates that failure to file opposing papers "may constitute a consent to the granting of the motion."

[4] Plaintiffs' counsel also raised this issue in a Declaration supporting the bill of costs. _See_ ECF No. 67-1.

(finding excusable neglect where "an extensive family medical emergency" caused plaintiff's counsel to file proof of service several weeks late); *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 549 (D.N.M. 2011) ("[a] lawyer should be able to show excusable neglect and good cause when he or she has unexpected turmoil in life"). Therefore, this factor weighs in favor of Plaintiffs.

***Good Faith.*** There is no indication that Plaintiffs' counsel did not act in good faith. As described above, he experienced an unexpected loss in his family, attended to the circumstances, and even submitted the bill of costs while still attending to the circumstances. Accordingly, this factor weighs in favor of Plaintiffs.

Because all four factors weigh decidedly in favor of Plaintiffs, the Court finds that Plaintiffs failed to act as a result of excusable neglect. Accordingly, the Court will exercise its discretion to extend the time for submitting the bill of costs pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and accept Plaintiffs' untimely submission.

## CONCLUSION

For the above reasons, the Court GRANTS Plaintiffs' Motion to Re-tax Costs. The Clerk of the Court is directed to issue the appropriate cost award based on Plaintiffs' bill of costs. The hearing set for October 25, 2024 shall be **vacated**.

**IT IS SO ORDERED.**

Dated: October 24, 2024

Hon. Gonzalo P. Curiel
United States District Judge